## PEOPLE *v.* RAMSEY

ROBBERY—ARMED ROBBERY—SPECIFIC INTENT—INTOXICATION—NAR
   COTICS.
> Armed robbery is a specific intent crime, and it is error for
> the trial judge in a nonjury trial to refuse to consider the
> effect of narcotic intoxication on a defendant charged with
> armed robbery where there is evidence tending to show that
> he was under the influence of narcotics when the crime was
> committed.

Appeal from Recorder's Court of Detroit, George W. Crockett, Jr., J.   Submitted Division 1 March 4, 1970, at Detroit.   (Docket No. 5,736.)   Decided March 27, 1970.   Rehearing denied May 12, 1970.

Eric Ramsey was convicted of armed robbery. Defendant appeals.   Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*Carl Levin* and *Arthur J. Tarnow* (Defenders' Office—Legal Aid and Defender Association of Detroit), for defendant on appeal.

---

REFERENCES FOR POINTS IN HEADNOTE
46 Am Jur, Robbery § 38.
21 Am Jur 2d, Criminal Law §§ 44, 109.

Before: Lesinski, C. J., and Quinn and V. J. Brennan, JJ.

Per Curiam.  Following a nonjury trial, defendant was convicted of armed robbery.*  This appeal concerns the availability of the intoxication defense.

At trial substantial evidence was introduced tending to establish that defendant was under the influence of narcotics at the time of the commission of the robbery.  In closing, defense counsel requested that the court consider the effect of the narcotic intoxication upon defendant's *specific intent* to commit the armed robbery.  The trial court refused, stating that armed robbery was *not* a specific intent crime.  Upon the authority of *People v. Walker* (1878), 38 Mich 156, we hold that the trial court's action constituted reversible error.  See, also, *People* v. *Kelley,* 21 Mich App 612.

Reversed and remanded for a new trial.

---

* MCLA § 750.529 (Stat Ann 1970 Cum Supp § 28.797).