### THE PEOPLE v. SYLVESTER W. WALKER.

*Larceny—Intent Negatived by Drunkenness.*

Larceny involves a felonious intent, and if one who takes property is too drunk to have any intent, he is not guilty of it.

There is a tendency to prove one guilty of larceny in evidence that he was found with another's money; that he had a chance to steal it, and that the owner at once accused him of doing so; that he lied about the manner in which he obtained it; that when accused he claimed it as his own, but afterwards admitted it to be the other man's, and said that the latter had intrusted it with him for safety; and that he had been seen acting as if trying to pick the other's pocket.

Exceptions to Lenawee.    Submitted January 8.    Decided January 15.

LARCENY. The facts are sufficiently given in the opinion.

Attorney General *Otto Kirchner* for the people.

*Millard & Bean* and *Walker & Weaver* for respondent. There can be no felonious intent where one is so drunk as to be unconscious of what he is doing. This has been held under indictments for attempting to commit suicide, *Reg. v. Moore*, 3 C. & K., 319; passing counterfeit money, *Pigman v. State*, 14 Ohio, 555, and larceny, *Nichols v. State*, 8 Ohio St., 435; *Roberts v. People*, 19 Mich., 401. Confession does not dispense with the necessity of proof of the *corpus delicti*. So held in cases of receiving stolen goods, *Jenkins v. State*, 41 Miss., 582; murder, *People v. Ruloff*, 3 Parker, 401; s. c., 18 N. Y., 179; casting away a ship, *United States v. Johns*, 1 Wash. C. C., 363; incest, *Bergen v. People*, 17 Ill., 426; illegal voting, *State v. Symonds*, 57 Me., 148; embezzlement, *People v. Hennessey*, 15 Wend., 147; *People v. Badgley*, 16 Wend., 53; blasphemy, *People v. Porter*, 2 Park. Crim. Cas., 14; bigamy, *People v. Lambert*, 5 Mich., 349; robbery, *People v. Jones*, 31 Cal., 565; *State v. Scott*, 39 Mo., 424; larceny from the person, *Robinson v. State*, 12 Mo., 596; larceny, *Plunkett's Case*, 3 City Hall Rec., 137; 1 Edwards' ed. of Phillips' Evidence: Cow. & Hill's Notes, 635, n.; *State v. Morey*, 2 Wis., 494; *State v. Moon*, 41 Wis., 684.

COOLEY, J. The defendant was convicted in the court below for the larceny of a sum of money from one Martin. All the evidence in the case tended to show that if the defendant took the money wrongfully, it was while he was under the influence of liquor, and some of it indicated that he was very drunk.

. The circuit judge was requested to charge the jury, that "even if the jury should believe that defendant was intoxicated to such an extent as to make him unconscious of what he was doing at the time of the commission of the alleged offense, it is no excuse for him, and they should not take it into consideration. A man who vol-

untarily puts himself in condition to have no control of his actions, must be held to intend the consequences." This charge was given in reliance upon the general principle that drunkenness is no excuse for crime.

While it is true that drunkenness cannot excuse crime, it is equally true that when a certain intent is a necessary element in a crime, the crime cannot have been committed when the intent did not exist. In larceny the crime does not consist in the wrongful taking of the property, for that might be a mere trespass; but it consists in the wrongful taking with felonious intent; and if the defendant, for any reason whatever, indulged no such intent, the crime cannot have been committed. This was fully explained by Mr. Justice Christiancy in *Roberts v. People*, 19 Mich., 401, and is familiar law. See also *Nichols v. State*, 8 Ohio (N. S.), 435; *Regina v. Moore*, 3 C. & K., 319.

This instruction being erroneous, the conviction must be set aside. It is claimed on behalf of the defendant, that the court below should be advised to order his discharge, because on the trial there was no evidence of the *corpus delicti*, so that he was entitled to an acquittal as matter of right. This position is based on the fact that Martin was not produced by the prosecution as a witness, and it is insisted that such evidence as was introduced did not tend to prove a larceny. We cannot assent to this view. The fact that defendant was found in possession of Martin's money is not disputed, and it is shown defendant had the opportunity to steal it; that Martin immediately afterwards accused him of the larceny; that defendant made two false statements as to the manner in which he obtained the money, each of which was inconsistent with his statement on the trial, and that when accused of stealing it, he claimed it as his own, while now he admits it to have been Martin's, and pretends that Martin confided it to him for safe-keeping; a pretense inconsistent with the inferences arising from the evidence of witnesses who had an opportunity to observe

the conduct of the parties on the day when the money must have passed from Martin's possession to defendant's. There was also evidence by one witness of motions indicating an attempt by defendant to pick the pocket of Martin at a time when the latter had possession of the money.    We think these facts were properly left to the jury, and that a strong inference of guilt arises from them.

The circuit court should be advised to set aside the verdict and grant a new trial.

The other Justices concurred.