PEOPLE v. BURK.

1. CRIMINAL LAW — FELONIOUS ASSAULT — TRIAL—DEFINING AND EXPLAINING CHARGE.

In a prosecution for felonious assault under 3 Comp. Laws 1915, § 15228, the reading of the information and the statute to the jury by the trial judge was a sufficient definition and explanation of the charge.

2. SAME—ELEMENTS OF OFFENSE—READING STATUTE SUFFICIENT.

The objection that the trial court failed to give to the jury the elements of the offense of felonious assault, is without merit, where the statute defining the offense was read to them.

3. SAME—TRIAL—INSTRUCTIONS AS TO GUILT.

The objection that the trial court did not instruct the jury that they might find defendant not guilty is without merit, in view of instructions that the presumption of innocence must be overcome, that the jury must be convinced beyond a reasonable doubt of defendant's guilt, and that unless they had an abiding conviction amounting to a moral certainty of his guilt they should give him the benefit and acquit him.

4. SAME—REQUESTS TO CHARGE SHOULD BE MADE IF WISHED.

If counsel wish other or more specific instructions than those given, they should request them.

5. SAME — FELONIOUS ASSAULT—REQUESTED INSTRUCTION—INTENT NOT AN ELEMENT.

A requested instruction that assumed that intent was a necessary element of felonious assault under the statute (3 Comp. Laws 1915, § 15228), was properly refused.

6. ASSAULT AND BATTERY—NECESSARY ELEMENTS.

To convict of felonious assault, under the statute, the only elements necessary for the jury to find were that defendant made an assault with a dangerous weapon, and

¹Assault and Battery, 5 C. J. § 347; Criminal Law, 16 C. J. § 2362; ²Id.; ³Criminal Law, 16 C. J. § 2498; ⁴Id., 16 C. J. §§ 2498, 2501; ⁵Id., 16 C. J. § 2507; ⁶Assault and Battery, 5 C. J. § 212.

that he did not intend to commit murder or the offense of great bodily harm less than murder.

7. CRIMINAL LAW—POWER OF COURT TO STAY PROCEEDINGS AND LET TO BAIL.

Under 3 Comp. Laws 1915, § 15840, in a criminal case the trial judge has authority to make an order staying proceedings 20 days in which to move for a new trial, and 60 days within which to settle a bill of exceptions, and that defendant be let to bail.

8. SAME—SUPREME COURT GUIDED BY RECORD.

Where, on review, a question is raised as to whether a stay of execution for 60 days was granted by the trial judge the Supreme Court must be guided by the record.

9. SAME—ERROR TO SENTENCE BEFORE EXPIRATION OF PERIOD IN WHICH TO SETTLE BILL OF EXCEPTIONS.

It was error to sentence defendant before the expiration of the 60-day extension of time in which to settle a bill of exceptions, where the court did not find that the exceptions were frivolous and made merely for delay.

Error to recorder's court of Detroit; Bartlett (Charles L.), J.    Submitted January 13, 1927. (Docket No. 146.)    Decided May 3, 1927.

William Burk was convicted of a felonious assault, and sentenced to imprisonment for 30 days in the county jail.    Conviction affirmed and remanded for new sentence.

*Beaumont, Smith & Harris,* for appellant.

*William W. Potter,* Attorney General, *Robert M. Toms,* Prosecuting Attorney, and *Valois E. Crossley,* Assistant Prosecuting Attorney, for the people.

BIRD, J.    Defendant was convicted of committing a felonious assault on one Forrest Foster in Detroit in April, 1925.    The alleged assault grew out of the

---

[7]Bail, 6 C. J. § 185; Criminal Law, 16 C. J. § 2733; 17 C. J. § 3434; [8]Criminal Law, 17 C. J. § 3444; [9]Id., 16 C. J. § 3018.

feeling engendered by the metal polishers' strike, which was on at that time at the Shepard plant. Forrest Foster, the complaining witness, was one of the strikers. Defendant raises the following questions on review:

(1) There was error in the court's charge in that he failed to either define the major or included offenses, and he also failed to give the elements of felonious assault.

(2) That the court did not tell the jury that they might find defendant not guilty.

(3) That the court did not give defendant's first request to charge.

(4) That the court sentenced defendant while execution had been stayed.

1. The trial court charged the jury in part as follows:

"This information is signed by Robert M. Toms, prosecuting attorney. It is based on section 15228 of the Compiled Laws of 1915, of which I will read to you. Section 15228 of the Compiled Laws of 1915 provides:

" 'Whoever shall assault another with a gun, revolver, pistol, knife, iron bar, club, brass knuckles or other dangerous weapon, but without intending to commit the crime of murder, and without intending to commit great bodily harm less than the crime of murder, shall be deemed guilty of felonious assault and upon conviction shall be punished.' (The punishment being provided.)

"Now, I have read the statute to you so far as it pertains to this particular information, the charge in this case. * * *

"I charge you that an iron bar is a dangerous weapon. However, I say to you this: That I am not passing upon any question of fact in connection with the alleged use of the iron bar in this case. * * *

"Now, the charge in the information is one of felonious assault, which I will call the major offense. If, after following the instructions of this court and applying the principles which I have given you here,

you find that the defendant is not guilty of the crime of felonious assault, then it is for you to determine whether or not he is guilty of assault and battery, which I will call a minor offense. Then if, after applying all the principles of law, you find he is not guilty of assault and battery, then you are to determine whether or not he is guilty of simple assault.

"Battery, the person has to be—some damage has to be done to the person himself; some corporal hurt, in other words, an assault may be made without striking a person, like an attempt to strike. In other words, this is what we call the major crime, felonious assault. It is for you to pass upon that, first, determine whether or not in your opinion the defendant is guilty. After applying all the principles which I have given you, then take up the minor charge, if you find he is not guilty of that—assault and battery. Is there anything further?"

The reading of the information and the statute to the jury was, we think, a sufficient definition and explanation of the charge. 16 C. J. p. 968. Any man with intelligence enough to sit on a jury could readily understand what the offense was when it was read to him. They were instructed as to the included offenses and that an iron pipe was a dangerous weapon. We think the trial court did his duty in this respect.

Further complaint is made that the trial court failed to give them the elements of the offense. A reading of the statute also answers this objection. 16 C. J. p. 968.

2. Complaint is made that the trial court did not instruct the jury that they might find defendant not guilty. The following instruction will answer this objection:

"You are to start out with the presumption that the defendant is wholly innocent. That presumption must be overcome by the prosecution. You must be convinced beyond a reasonable doubt of the defendant's guilt."

Then the court proceeds to explain to the jury what a reasonable doubt is, and concluded:

"It is such a doubt that, after a careful review of all the testimony, you cannot say that you have an abiding conviction to a moral certainty of the defendant's guilt.    If you have, give him the benefit and acquit him."

If counsel had wished another or a more specific instruction they should have requested it.    *People* v. *Allie,* 216 Mich. 133.

3. Defendant requested the court to charge that:

"I charge you that intent is a necessary element of the crime charged.    To convict the defendant, you must find that he intended to injure by means of a dangerous weapon, and that, without intending to murder the said Forrest Foster he did intend to inflict bodily harm upon him.    In this case the intent must be derived from the evidence or the deed committed, in connection with the other evidence in the case, and it is for you to say, from the evidence in the case whether or not an intent existed in the mind of the respondent, William Burk, at the time in question here, to commit upon the person of the said Forrest Foster the bodily harm aforesaid.    In this connection you may take into consideration the fact that the said Forrest Foster, as the testimony discloses, was not in fact seriously injured by the defendant, William Burk."

We think the instruction asked is objectionable in that it assumed that intent was a necessary element of the offense charged.    The only elements necessary for the jury to find were that defendant made an assault with a dangerous weapon, and that he did not intend to commit murder or the offense of great bodily harm less than the crime of murder.    If defendant assaulted Foster with a dangerous weapon he would be guilty of the offense charged, regardless of his intent to injure him, if he did not intend to commit murder or great bodily harm less than the crime of murder.

4. After defendant was convicted, and on December 22, 1925, his attorney applied for an order staying proceedings 20 days, in which to move for a new trial, and 60 days' time within which to settle a bill of exceptions and that defendant be let to bail. This order was granted and defendant was admitted to bail in the sum of $1,000. On January 5th, and before the 60 days had expired, defendant was called before the court and sentenced to 30 days in the county jail. Some question is raised between court and counsel whether a stay of execution for 60 days was granted. Whatever the merits of that controversy may be, we must be guided by the record. The record shows a stay of execution for 60 days. The court had authority to make the order and let to bail. 3 Comp. Laws 1915, § 15840. The sentence was erroneous inasmuch as the trial court did not find that the exceptions were frivolous and made merely for delay. *In re Montague*, 70 Mich. 157; *People* v. *West*, 143 Mich. 586. The case will be remanded to the trial court and defendant will be taken before the court and a new sentence imposed.

The judgment of conviction is affirmed.

SHARPE, C. J., and SNOW, STEERE, FELLOWS, WIEST, CLARK, and MCDONALD, JJ., concurred.