PEOPLE *v.* TURNER

1. ROBBERY—ARMED ROBBERY—SPECIFIC INTENT—CHARGE TO JURY—CONNOTATION OF "ROB".

Charging the jury that to find the defendant guilty of armed robbery they must find beyond a reasonable doubt that the defendant assaulted the complainant and, while armed with a knife, did rob, take, and steal from the complainant's presence $47 was not reversible error even though the specific intent necessary in a robbery armed was not detailed and defined, because as used in this instruction the word "rob" indicated a felonious and larcenous intent and no reasonable man could construe the word "rob" to mean a taking without felonious or larcenous intent (MCLA § 750.529).

2. CRIMINAL LAW—SPECIFIC INTENT—CRIMES—INTOXICATION—INSTRUCTIONS TO JURY.

Failure to instruct the jury on the effect of intoxication on specific intent crimes in defendant's trial for armed robbery did not constitute error even though there was evidence that the defendant had been drinking alcoholic beverages for several hours before the robbery where neither the prosecution nor the defense requested an instruction, and the defense advised the

---

REFERENCE FOR POINTS IN HEADNOTES

[1, 2] 46 Am Jur, Robbery §§ 10–13, 58–60.

court they preferred no instruction on intoxication because the theory of the defense was that the robbery never took place and that the defendant was in possession of his faculties throughout the evening.

Appeal from Muskegon, Albert J. Engel, J. Submitted Division 3 November 10, 1970, at Grand Rapids. (Docket No. 9543.) Decided February 19, 1971.

Charles Turner, Jr., was convicted of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Paul M. Ladas,* Prosecuting Attorney, and *Michael J. Flynn,* Assistant Prosecuting Attorney, for the people.

*Brian Mark Gray,* for defendant on appeal.

Before: T. M. BURNS, P. J., and R. B. BURNS and MUNRO,* JJ.

MUNRO, J. The defendant appeals from his jury trial conviction of armed robbery. MCLA § 750.529 (Stat Ann § 28.797).

The facts here are that the complaining witness, John Brown, together with the defendant and others, spent considerable time in the drinking of alcoholic beverages at various bars during the late afternoon and evening of July 19, 1967. At the close of these drinking activities the complaining witness testified that defendant put a knife to his neck and demanded money. He further testified that he then turned over to defendant $47 in cash. The defendant admitted that he and others had

---

* Circuit judge, sitting on the Court of Appeals by assignment.

spent several hours consuming alcoholic beverages, but denied that the robbery ever took place or that he demanded any money from the complaining witness. Defendant's motion for a new trial was denied and on appeal defendant raises two issues both of which were raised in his motion for a new trial. Those issues are:

1. Did the trial court commit reversible error by failing to instruct the jury concerning the element of intent in armed robbery?

2. Did the trial court commit reversible error by failing to charge the jury on the issue of intoxication?

The instruction given by the trial court on armed robbery which the defendant contends was erroneous and necessitates reversal is as follows:

"If you find from the evidence and beyond a reasonable doubt that the defendant did at the time and place make an assault on John L. Brown, and did rob, take and steal from the presence of John L. Brown $47 in paper currency, said defendant then being armed with a knife, then it will be your duty to convict the defendant of the offense charged against him. If, on the other hand, the prosecution has failed to convince you from the evidence and beyond a reasonable doubt of the existence of each and every element of the offense charged, as I have given it to you, or if you have reasonable doubt as to whether the prosecution has established the existence of each and every element of the offense charged, then, and in either event, it will be your duty to acquit the defendant on the charge of armed robbery."

The record in this matter indicates that there were no objections by defendant's counsel at time of trial to the instruction as given nor was any specific request for an instruction including in detail

the question of intent requested by the defendant. Armed robbery is a specific intent crime, *People* v. *Kelley* (1970), 21 Mich App 612, and the problem here is in large measure covered by the provisions of GCR 1963, 516.2 as modified by GCR 1963, 529.1, and further dealt with by the legislature in MCLA § 769.26 (Stat Ann 1954 Rev § 28.1096). It appears evident from the court rules and the statutory enactment that where no instruction has been offered by the defendant and refused by the court and no objections to the instructions as given are made, although opportunity for such objection is offered, the appellate courts will not reverse unless refusal to take such action appears inconsistent with substantial justice.

There is no question but that it would be better practice to detail the intent necessary in a charge of robbery armed and it has been frequently held by this Court that a trial judge has a *sua sponte* duty to instruct if a subject is an essential ingredient of a charge. *People* v. *Price* (1970), 21 Mich App 694; *People* v. *Sherman* (1968), 14 Mich App 720. However, where, as in this instruction, the court charged the jury in terms of assaulting the complaining witness and then charged them with the necessity of finding that defendant did rob, take, and steal from the presence of the complaining witness, being armed with a knife, certainly the term "rob" in and of itself indicates felonious and larcenous intent. It is this Court's opinion that no reasonable man could construe the word "rob" to mean a taking without felonious or larcenous intent.

The trial court in this matter relied on the case of *People* v. *Cabassa* (1930), 249 Mich 543, for the proposition that where language defining an offense can be understood by a person of ordinary intelligence it is not necessary for the court to define or

explain it unless specifically requested to do so. This Court is cognizant of the decision in the case of *People* v. *MacPherson* (1949), 323 Mich 438, requiring the court to include all elements of the offense in its instruction whether requested or not. Based on the facts here presented this Court holds that the word rob in and of itself implies larcenous and felonious intent. The failure of the court to further define the intent is not inconsistent with substantial justice in this matter and the failure to do so did not affect the jury deliberation in arriving at a verdict of proof of guilt beyond a reasonable doubt so as to constitute reversible error.

As to the second issue here, an examination of the record indicates that the trial court proposed to counsel the giving of an instruction on intoxication and its effect on specific intent crimes. Neither the prosecution nor defense requested such an instruction and, in fact, advised the court they preferred that no instruction be given on intoxication. It appears to this Court, from an examination of the briefs, pleadings and testimony, that defendant's counsel, as a matter of trial strategy, preferred not to have an instruction on intoxication given to the jury because the position of the defense was actually that the robbery never took place and that the defendant was in possession of his faculties throughout the evening, although all parties had consumed a considerable amount of intoxicating beverages. Appellate courts do not reverse trial courts solely because the strategy of the defendants in presenting their case was not successful. *People* v. *Kaczor* (1968), 14 Mich App 724, and *People* v. *Tubbs* (1970), 22 Mich App 549.

GCR 1963, 516.2 controls the situation. Not only did defendant make no objection to the failure to instruct on intoxication but advised the court it pre-

ferred no such instruction. The instructions of the trial court, when reviewed as a whole, did not mislead the jury and were adequate and are not inconsistent with substantial justice. *People* v. *Fred W. Thomas* (1967), 7 Mich App 519; *People* v. *Jackson* (1970), 23 Mich App 553.

The decision of the trial court is affirmed.

All concurred.