PEOPLE v LEWIS

Docket No. 78-785. Submitted June 12, 1979, at Detroit.—Decided August 6, 1979.

Defendant, Charles Lewis, was charged with assault with intent to rob being armed and assault with intent to commit murder. At trial defendant indicated his desire to have only the charged offenses submitted to the jury. The Detroit Recorder's Court, Joseph E. Maher, J., instructed the jury only as to the charged offenses. After deliberations, the jury returned verdicts of guilty of assault with intent to rob being armed and assault with intent to do great bodily harm less than murder, which were accepted by the court. Defendant appeals alleging error on the part of the trial court in accepting the verdict of assault with intent to do great bodily harm less than murder, since the jury had never been instructed as to that offense. *Held:*

Reversal is mandated where the trial court, having instructed the jury only as to the charged offense, accepts the jury's verdict of guilty of a lesser included offense. The jury, by rendering a verdict absent any instruction by the court as to the elements of the offense, impermissibly usurped the function of the trial court.

Reversed as to the conviction for assault with intent to do great bodily harm less than murder, but affirmed as to the conviction for assault with intent to rob being armed.

CRIMINAL LAW — INSTRUCTIONS TO JURY — CHARGED OFFENSES — INCLUDED OFFENSE — VERDICT.

Reversal is mandated where the trial court, having instructed the jury in accordance with the wishes of defendant only as to the charged offense of assault with intent to commit murder, accepts the jury's verdict of guilty of the lesser included offense of assault with intent to do great bodily harm less than murder, since, by rendering a verdict absent an instruction by the court as to the elements of the included offense, the jury impermissibly usurped the function of the trial court.

REFERENCES FOR POINTS IN HEADNOTE
75 Am Jur 2d, Trial § 615.
5 Am Jur 2d, Appeal and Error §§ 810, 815.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Andrea L. Solak,* Assistant Prosecuting Attorney, for the people.

*Kenneth J. Bloom,* for defendant on appeal.

Before: J. H. GILLIS, P.J., and BEASLEY and R. M. RANSOM,* JJ.

BEASLEY, J. Defendant was convicted by jury of assault with intent to rob being armed, in violation of MCL 750.89; MSA 28.284, and assault with intent to do great bodily harm less than murder, in violation of MCL 750.84; MSA 28.279. On the first charge he was sentenced to not less than 40 nor more than 60 years in prison and, on the second charge, not less than six and two-thirds nor more than ten years in prison; the sentences to run concurrently with each other and with a previous life sentence for a first-degree murder conviction. Defendant appeals as of right.

At trial, the following discussion occurred between defense counsel and the trial court:

"MR. ARDUIN *[defense counsel]:* I also want to state for the record, Your Honor, that I've had a conference with Mr. Lewis in regards to any lesser that he could be charged with lesser included offenses. At this time, Your Honor, he wishes to inform this Court that he does not *[sic]* you to charge the jury on lesser included offenses.

"THE COURT: All right.

"MR. MORGAN *[the prosecutor]:* Could some inquiry be made of the Defendant?

"THE COURT: Is that true, Mr. Lewis?

"MR. LEWIS *[the defendant]:* Yes.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

"THE COURT: All right."

Subsequently, the court instructed the jury on both counts of the information, but no instructions were given as to lesser included offenses. At the end of its charge to the jury, the trial court stated:

"Now, members of the jury, your possible verdicts in this case are as follows: As to Count I, the charge of assault with intent to rob while being armed, the verdict may be guilty or not guilty. As to Count II, assault with intent to commit murder, your verdict may be guilty or not guilty. You may find the Defendant guilty of one count and not guilty or vice versa. Your verdict, however, must be unanimous. It must be the verdict of all 12."

Nevertheless, the jury returned with the following verdicts:

"THE CLERK: How do you find the defendant, Charles Lewis of Count One, Assault with Intent to Rob Being Armed?

"THE FOREMAN: Guilty.

"THE CLERK: How do you find the defendant, Charles Lewis, of the charge of Assault with Intent to Murder?

"THE FOREMAN: We found him guilty of Assault with Intent to do great bodily harm less than the crime of murder."

Defendant claims the trial judge erred in accepting a verdict to an offense which was neither given the jury as a possible verdict, nor whose elements were defined to the jury. We find defendant's claim to be meritorious and reverse.

The right to a jury trial includes the right of a

defendant to have a properly instructed jury pass upon the evidence.[1]

In the instant case, the court instructed the jury as to the possible verdicts. Defendant had been charged with assault with intent to commit murder. Defense counsel requested that the court not charge the jury with any lesser included offenses and the court agreed. At no time did the court discuss any lesser charges in the presence of the jury. Thus, only two choices were available to the jury as possible verdicts on the assault with intent to murder charge. They could find defendant guilty of the charge or they could find him not guilty.

It is the trial judge's duty to inform the jury on the law, so that they may understand and apply the law to the facts of the case.[2] A defendant has a right to have a properly instructed jury pass upon the evidence, and the instructions must include all the elements of the crime charged.[3]

A jury cannot disregard the court's instructions and return what appears to them to be an appropriate verdict.[4]

The instant jury was not instructed as to the elements of assault with intent to do great bodily harm less than murder. If a jury is not instructed on lesser included offenses, such offenses are, for all practical purposes, excluded from the jury's consideration.[5] By rendering a verdict absent any instruction by the court as to the elements of the crime, the jury impermissibly usurped the function of the trial judge.[6]

---

[1] *People v Cooper,* 73 Mich App 660; 252 NW2d 564 (1977), *People v Rappuhn,* 78 Mich App 348; 260 NW2d 90 (1977).

[2] *People v Lambert,* 395 Mich 296, 304; 235 NW2d 338 (1975).

[3] *People v Reed,* 393 Mich 342, 349-350; 224 NW2d 867 (1975), *People v Liggett,* 378 Mich 706, 714; 148 NW2d 784 (1967).

[4] See, *People v Gardner,* 143 Mich 104, 117; 106 NW 541 (1906).

[5] *People v Henry,* 395 Mich 367; 236 NW2d 489 (1975).

[6] The duty of a judge at trial is stated in MCL 768.29; MSA 28.1052:

In view of the fact that the jurors response to the judge's inquiry as to their verdict on the assault with intent to murder charge was a lesser offense, we must conclude that the jury found defendant not guilty of the only charge which was available to them.

We, therefore, reverse defendant's conviction of assault with intent to do great bodily harm less than murder. The conviction for assault with intent to rob being armed is affirmed.

"It shall be the duty of the judge to control all proceedings during the trial, and to limit the introduction of evidence and the argument of counsel to relevant and material matters, with a view to the expeditious and effective ascertainment of the truth regarding the matters involved. The court shall instruct the jury as to the law applicable to the case and in his charge make such comment on the evidence, the testimony and character of any witnesses, as in his opinion the interest of justice may require. The failure of the court to instruct on any point of law shall not be ground for setting aside the verdict of the jury unless such instruction is requested by the accused."