PEOPLE v IDEIS

Docket No. 46076. Submitted September 3, 1980, at Detroit.—Decided
    October 24, 1980. Leave to appeal applied for.

Defendant, Jamel M. Ideis, was charged in Detroit Recorder's
    Court with assault with intent to do great bodily harm less
    than murder and with possession of a firearm in the commis-
    sion of a felony. He was convicted of the lesser included offense
    of felonious assault and violation of the felony-firearm statute,
    sentenced to the mandatory two year term for the felony-fire-
    arm conviction and given a suspended sentence on the feloni-
    ous assault conviction, Donald L. Hobson, J. Defendant appeals,
    contending that the trial court erred by failing to give a proper
    instruction on intent when instructing on the lesser included
    offense of felonious assault. *Held:*

    The trial court gave the recommended jury instruction on
    felonious assault and while that instruction requires a finding
    that 1) the defendant committed an assault and 2) that the
    defendant was in possession of a dangerous weapon at the time,
    it does not require a finding of specific intent to injure or to put
    the victim in reasonable fear or apprehension of a battery.
    However, under the rule of *People v Joeseype Johnson,* 407
    Mich 196; 284 NW2d 718 (1979), a trial court must instruct the
    jury that there must have been either an intent to injure or an
    intent to put the victim in reasonable fear or apprehension of a
    battery before a defendant can be found guilty of felonious
    assault. This is not a new rule but merely a clarification of
    previously existing law, therefore it applies to the present case.
    The defendant's defense at trial was that the shooting was
    accidental so that the improper instruction went to a control-
    ling issue.

    Reversed and remanded.

    BASHARA, J., dissented. He would affirm on the basis that the

REFERENCES FOR POINTS IN HEADNOTES
[1] 6 Am Jur 2d, Assault and Battery § 51.
    75 Am Jur 2d, Trial § 719.
[2, 4] 20 Am Jur 2d, Courts § 233 *et seq.*
[3] 75 Am Jur 2d, Trial § 578.

rule announced in *People v Joeseype Johnson* should not be retroactively applied.

OPINION OF THE COURT

1. ASSAULT AND BATTERY — FELONIOUS ASSAULT — JURY INSTRUCTIONS — INTENT.

A trial court, in a jury trial, must instruct the jury that there must have been either an intent to injure or an intent to put the victim in reasonable fear or apprehension of a battery before a defendant can be found guilty of felonious assault.

2. COURTS — SUPREME COURT — RETROACTIVE APPLICATION OF DECISIONS.

A Supreme Court decision which does not announce a new rule but merely clarifies existing law is entitled to retroactive effect.

3. TRIAL — JURY INSTRUCTIONS — APPEAL — PRESERVATION OF ERROR.

A trial court is required to charge the jury concerning the law applicable to the case and the fact that a defendant did not request an appropriate instruction does not preclude the Court of Appeals from considering a claim of error based upon the trial court's failure to give the instruction.

DISSENT BY BASHARA, P.J.

4. ASSAULT AND BATTERY — FELONIOUS ASSAULT — INTENT — RETROACTIVE APPLICATION.

*The Supreme Court's holding in* People v Joeseype Johnson, *407 Mich 196; 284 NW2d 718 (1979), should not be given retroactive effect.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Nels L. Olson,* Assistant Prosecuting Attorney, for the people.

*Richard R. Nelson,* for defendant on appeal.

Before: BASHARA, P.J., and N. J. KAUFMAN and R. M. MAHER, JJ.

PER CURIAM. The defendant, Jamel Mohammad Ideis, was charged with assault with intent to do

great bodily harm less than murder in violation of MCL 750.84; MSA 28.279, and possession of a firearm in the commission of a felony in violation of MCL 750.227b; MSA 28.424(2). On June 11, 1979, the defendant pled guilty to the lesser included offense of felonious assault and the felony-firearm charge was dismissed. On June 26, 1979, the prosecutor asked that the trial court reinstate the felony-firearm charge in light of the Supreme Court decision declaring the felony-firearm statute constitutional. The trial court reinstated the charge and the defendant withdrew his guilty plea. On July 2, 1979, the defendant went to trial in Recorder's Court. On July 3, 1979, the defendant was convicted by a jury of the lesser included offense of felonious assault and of the felony-firearm offense. On July 3, 1979, the defendnt received a suspended sentence for the felonious assault conviction and the mandatory 2 years for the felony-firearm conviction. The defendant appeals as a matter of right.

The defendant raises several issues on appeal, one of which requires reversal. The defendant contends that the court erred by failing to give a proper instruction on intent when instructing on the lesser included offense of felonious assault. We agree.

The trial court gave CJI 17:4:01, the recommended jury instruction on felonious assault. CJI 17:4:01 states:

"(1) The defendant is charged with felonious assault. Any person who shall assault another with a [gun/revolver/pistol/knife/iron bar/club/brass knuckles/dangerous weapon] but without intending to commit the crime of murder and without intending to inflict great bodily harm less than murder is guilty of this charge.

"(2) The defendant pleads not guilty to this charge.

To establish this charge the prosecution must prove each of the following elements beyond a reasonable doubt:

"(3) First, that the defendant assaulted *[name complainant]*. An assault is an attempt or threat, with force and violence, to do immediate bodily harm to another by one who has the present means of doing such harm.

"(4) Second, that the defendant committed such assault by the use of a dangerous weapon, that is, as alleged in this case, a [gun/revolver/pistol/knife/iron bar/club/brass knuckles/*(state other dangerous weapon)]*."

The trial court also gave CJI 17:4:07, which states:

"The statute in question here forbids the purposeful pointing of a gun [revolver/pistol] at another in a threatening manner."

We realize that at the time of trial the trial judge did not have the benefit of the Supreme Court's decision in *People v Joeseype Johnson,* 407 Mich 196; 284 NW2d 718 (1979). In that case, the trial court refused the defendant's request to instruct the jury that the crime of felonious assault includes the specific intent to inflict an injury on another and instead instructed the jury that a felonious assault must be an "intentional assault". On appeal, the Supreme Court stated that the trial court's instruction constituted reversible error in that it failed to adequately inform the jury of the intent requirement. The Court held that the jury should have been instructed that there must be either an intent to injure or an intent to put the victim in reasonable fear or apprehension of a battery. *People v Joeseype Johnson, supra,* 210. In the case at bar, the instruction given by the trial court was incorrect under *Joeseype Johnson.* Because the Court in *Joeseype Johnson* did not an-

nounce a new rule but merely clarified existing law, the holding applies to the instant case and defendant is entitled to reversal.

We recognize that defendant did not request this instruction. We are not, however, precluded from considering this claim of error on appeal. The trial court is required to charge the jury concerning the law applicable to the case. *People v Liggett,* 378 Mich 706, 714; 148 NW2d 784 (1967), *People v Oberstaedt,* 372 Mich 521, 526; 127 NW2d 354 (1964), *People v Lewis,* 91 Mich App 542; 283 NW2d 790 (1979). The defendant's defense at trial was that the shooting was accidental so that the improper instruction went to a controlling issue.

Reversed and remanded for a new trial.

BASHARA, J. *(dissenting).* I respectfully dissent. The majority holds that *People v Joeseype Johnson,* 407 Mich 196; 284 NW2d 718 (1979), is to be applied retroactively.

I rely on the case of *People v Starghill,* 99 Mich App 790; 298 NW2d 641 (1980), and the cases cited therein, particularly, *People v Burk,* 238 Mich 485, 489; 213 NW 717 (1927), and *People v Hampton,* 384 Mich 669, 674; 187 NW2d 404 (1971), for the holding that *Johnson, supra,* should not be applied retroactively.

Accordingly, I would affirm the conviction.