PEOPLE v ABEND

Docket No. 78-812. Submitted October 4, 1979, at Grand Rapids.— Decided November 21, 1979

Defendant, Raymond Abend, was convicted, on his plea of nolo contendere, of second-degree murder and felony-firearm in the Recorder's Court of Detroit, Joseph A. Gillis, J. Defendant appeals alleging that the Legislature intended to punish only illegal possession of a firearm under the felony-firearm statute and that, since his initial possession was lawful, the statute did not apply to his case. *Held:*

The legislative intent of the felony-firearm statute is to punish anyone who, at the time of the commission or attempted commission of a felony, possessed a firearm, whether the initial possession was legal or not.

Affirmed.

CRIMINAL LAW — FELONY-FIREARM — STATUTES.

The legislative intent of the felony-firearm statute is to punish anyone who, at the time of the commission or attempted commission of a felony, possessed a firearm, whether the initial possession was legal or not (MCL 750.227b; MSA 28.424[2]).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Brian Marzec,* Assistant Prosecuting Attorney, for the people.

*Ronald G. Kraft,* for defendant on appeal.

Before: CYNAR, P.J., and D. F. WALSH and L. B. BEBEAU,* JJ.

REFERENCE FOR POINTS IN HEADNOTE
73 Am Jur 2d, Statutes § 300.
* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

Per Curiam. Defendant, Raymond Abend, appeals his conviction, based on his plea of nolo contendere, of second-degree murder, MCL 750.317; MSA 28.549. He was also convicted of possession of a firearm in the commission or attempted commission of a felony, MCL 750.227b; MSA 28.424(2). He has been sentenced to a prison term of 1 to 20 years on the murder conviction and to the mandatory two-year consecutive sentence on the felony-firearm conviction.

Defendant's challenge, on double jeopardy grounds, to his felony-firearm conviction was recently rejected by the Michigan Supreme Court. *Wayne County Prosecutor v Recorder's Court Judge,* 406 Mich 374; 280 NW2d 793 (1979).

Defendant further challenges his felony-firearm conviction, arguing that the Legislature intended to punish only the *illegal* possession of a firearm. It is defendant's argument that the statute does not apply to him since the killing which gave rise to his murder conviction occurred in his home, where he was initially in lawful possession of the firearm.

We disagree. Defendant's position has no support in the statute or in relevant case law. On the contrary, the statute reflects exceedingly clear legislative intent to punish anyone who, at the time of commission or attempted commission of a felony, possesses a firearm whether the initial possession was legal or illegal. If the Legislature had intended to exempt anyone, such as law enforcement officers or persons licensed or otherwise lawfully in possession of a firearm, from the general proscription of MCL 750.227b; MSA 28.424(2), it most certainly would have done so by providing explicit statutory exceptions as it did throughout the firearms section of the penal code. MCL 750.222, *et seq.;* MSA 28.419, *et seq.*

Moreover, we find that the Legislature was well within the power vested in it by the Constitution in attaching criminal sanction to this possession.

Affirmed.