PEOPLE v WILSON

Docket No. 49617. Submitted June 19, 1981, at Lansing.—Decided
    October 8, 1981.

James Wilson, also known as Thomas Wilson, was convicted by a
    jury in Jackson Circuit Court of felonious assault. Four days
    later, defendant was convicted of being a fourth-time felony
    offender. He was sentenced to 8-1/2- to 15-year concurrent
    sentences, Charles J. Falahee, J. The sentence was later
    changed to a 7-1/2- to 15-year sentence to be served consecu-
    tively to any sentences being served at the time the assault was
    committed because defendant was participating in a resident
    home program at the time of the assault. Defendant appeals,
    contending that the trial court erred by instructing the jury
    that felonious assault was a general intent crime and that
    voluntary intoxication was not a defense thereto. *Held:*

    Felonious assault has been held to be a specific intent crime
    and, although first held to be a specific intent crime in a case
    released after the trial in this case, that holding merely reiter-
    ated existing law which should apply to cases tried before the
    release date of that opinion. The trial court in this case should
    have instructed the jury as to voluntary intoxication as a
    defense or should have clarified its instructions on the intent
    element of felonious assault.

    Reversed.

ASSAULT AND BATTERY — FELONIOUS ASSAULT — INTENT — DEFENSES
    — VOLUNTARY INTOXICATION — JURY INSTRUCTIONS.

    Felonious assault is a specific intent crime and it was error for a
    trial court not to give a jury instruction on the defense of
    voluntary intoxication where the defendant relied on that
    defense or to clarify its instructions on the intent element of
    felonious assault where the defendant was subject to be con-
    victed of that crime.

*Frank J. Kelley,* Attorney General, *Robert A.*

REFERENCE FOR POINTS IN HEADNOTE
6 Am Jur 2d, Assault and Battery § 51.

*Derengoski,* Solicitor General, *Edward J. Grant,* Prosecuting Attorney, and *John L. Wildeboer,* Chief Appellate Attorney, for the people.

*Nora J. Pasman,* Assistant State Appellate Defender, for defendant on appeal.

Before: T. M. BURNS, P.J., and D. E. HOLBROOK, JR., and K. B. GLASER,* JJ.

PER CURIAM. Defendant was tried by a jury for the offense of assault with intent to rob while being armed, MCL 750.89; MSA 28.284. He was convicted on June 14, 1979, of felonious assault, MCL 750.82; MSA 28.277. Four days later defendant was convicted of being a fourth-time felony offender. He was sentenced to 8-1/2- to 15-year concurrent sentences. Since at the time of said offense defendant was a resident of a resident home program, the court resentenced defendant to a 7-1/2- to 15-year sentence consecutive to the term for which he was then imprisoned, following the prosecutor's motion to correct sentence. Defendant now appeals as of right.

While defendant raises four issues on appeal, only one is worthy of discussion. Defendant claims that felonious assault is a specific intent crime under *People v Joeseype Johnson,* 407 Mich 196; 284 NW2d 718 (1979), and that said case controls here even though the trial in the instant case occurred prior to the release date of *Joeseype Johnson.* While defendant's basic defense in the case at bar was that of voluntary intoxication, the trial court instructed the jury that felonious assault was a general intent crime and that voluntary intoxication was not a defense thereto.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

While defense counsel did not object, defendant is nevertheless entitled to have the jury instructed on the law applicable to the case. *People v Ideis,* 101 Mich App 179; 300 NW2d 489 (1980). Our question hence becomes threefold. First, is felonious assault a specific intent crime under *Joeseype Johnson?* Second, should *Joeseype Johnson* be applied to cases tried before its release date? And third, if both of the foregoing are answered affirmatively, was it error for the trial court to instruct the jury that voluntary intoxication was not a defense to the crime of felonious assault? We answer all three in the affirmative and accordingly reverse.

That felonious assault is a specific intent crime is answered in *People v McMaster,* 105 Mich App 162; 306 NW2d 434 (1981). We follow the holding in that case. As to whether *Joeseype Johnson* should be applied retroactively, we believe said case merely reiterated existing law and hence *Joeseype Johnson* should apply to cases tried before the release date of said opinion. See *Ideis, supra, People v Rae,* 103 Mich App 293; 302 NW2d 845 (1981), *People v Szymanski,* 102 Mich App 745; 302 NW2d 316 (1981), and *McMaster, supra.* That the court should have instructed as to voluntary intoxication in a specific intent crime, we follow the holding in *People v Crittle,* 390 Mich 367; 212 NW2d 196 (1973), or that the court should have clarified its instructions, which here it did not, see *McMaster, supra.*

We have carefully reviewed appellant's remaining allegations of error and find them to be without merit.

Reversed.