PEOPLE v KORONA

Docket No. 53177. Submitted June 2, 1982, at Detroit.—Decided
September 9, 1982.

Ricky D. Korona was found guilty of felonious assault, malicious
destruction of property over $100, and felony-firearm, but men-
tally ill, and was sentenced to two years imprisonment on the
felony-firearm and two years probation on the other charges,
Wayne Circuit Court, Thomas J. Brennan, J. Defendant ap-
pealed. *Held:*

1. The trial judge instructed the jury that felonious assault
was a general intent crime and that voluntary intoxication was
not a valid defense. Felonious assault is a specific intent crime
and voluntary intoxication is a defense. Failure of defense
counsel to object to the erroneous instructions does not pre-
clude review and reversal. The judge is obligated to instruct the
jury on the applicable law.

2. The mandatory two-year term of imprisonment imposed by
the felony-firearm statute applies to persons found guilty of
felony-firearm, but mentally ill, and does not constitute cruel
and unusual punishment.

Reversed and remanded.

1. ASSAULT AND BATTERY — FELONIOUS ASSAULT — INTENT — DEFEN-
SES — VOLUNTARY INTOXICATION — JURY INSTRUCTIONS.

Felonious assault is a specific intent crime and it was error for a
trial court not to give a jury instruction on the defense of
voluntary intoxication where the defendant relied on that

REFERENCES FOR POINTS IN HEADNOTES

[1] 6 Am Jur 2d, Assault and Battery §§ 48, 51.
    21 Am Jur 2d, Criminal Law § 155.
    75 Am Jur 2d, Trial § 743.
    Modern status of the rules as to voluntary intoxication as defense
      to criminal charge. 8 ALR3d 1236.
[2] 5 Am Jur 2d, Appeal and Error § 623.
    75 Am Jur 2d, Trial § 578.
[3] 21 Am Jur 2d, Criminal Law §§ 626, 627.
    79 Am Jur 2d, Weapons and Firearms § 24.

defense because voluntary intoxication is a defense to a crime requiring specific intent.

2. APPEAL — JURY INSTRUCTIONS — PRESERVING QUESTION.

A trial court is required to charge the jury concerning the law applicable to the case and the fact that a defendant did not request an appropriate instruction does not preclude the Court of Appeals from considering a claim of error based upon the trial court's failure to give the instruction.

3. CRIMINAL LAW — FELONY-FIREARM — GUILTY BUT MENTALLY ILL — CRUEL AND UNUSUAL PUNISHMENT.

The mandatory two-year term of imprisonment imposed by the felony-firearm statute applies to persons found guilty of violation of the felony-firearm statute, but mentally ill, and does not constitute cruel and unusual punishment.

*Edwards & Edwards* (by *William J. Richards*), for defendant.

Before: BRONSON, P.J., and R. M. MAHER and M. WARSHAWSKY,* JJ.

PER CURIAM. Following a jury trial held on April 29, 1980, in Wayne County Circuit Court, defendant, Ricky Dean Korona, was found guilty of felonious assault, MCL 750.82; MSA 28.277, malicious destruction of property over $100, MCL 750.377a; MSA 28.609(1), and felony-firearm, MCL 750.227b; MSA 28.424(2), but mentally ill, MCL 768.36; MSA 28.1059. On July 7, 1980, defendant was sentenced to two years probation on the first two counts and to the two-year mandatory imprisonment for the felony-firearm conviction. Defendant appeals by right.

The trial judge instructed the jury that felonious assault was a general intent crime and that voluntary intoxication was not a defense thereto. These instructions constitute reversible error.

Felonious assault is a specific intent crime. See

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

*People v Wilson,* 113 Mich App 591; 318 NW2d
479 (1981); *People v Owens,* 108 Mich App 600,
607; 310 NW2d 819 (1981), *lv den* 412 Mich 866
(1981); *People v Braddock,* 106 Mich App 11, 13-14;
307 NW2d 341 (1980); *People v Slager,* 105 Mich
App 593, 598; 307 NW2d 376 (1981); *People v
McMaster,* 105 Mich App 162, 167-172; 306 NW2d
434 (1981), *lv den* 411 Mich. 988 (1981); *People v
Rae,* 103 Mich App 293, 297-300; 302 NW2d 845
(1980); *People v Szymanski,* 102 Mich App 745,
746-747; 302 NW2d 316 (1981), *lv den* 411 Mich
863 (1981). Defense counsel's failure to object to
the instruction at trial does not preclude review of
this issue inasmuch as the trial judge is obligated
to charge the jury on the law applicable to the
.case. *Wilson, supra; People v Ideis,* 101 Mich App
179, 183; 300 NW2d 489 (1980), *lv den* 411 Mich
854 (1981). Thus, the trial judge erred in instruct-
ing the jury that voluntary intoxication was not a
defense to the crime of felonious assault. *Wilson,
supra.* Voluntary intoxication is a defense to a
crime requiring specific intent. *People v Crittle,*
390 Mich 367; 212 NW2d 196 (1973).

Defendant also contends that the mandatory
two-year term of imprisonment for a felony-fire-
arm violation does not apply to defendants found
guilty but mentally ill. In addition, defendant
argues that the two-year term of imprisonment
constitutes cruel and unusual punishment, in vio-
lation of Const 1963, art 1, § 16. Although we
reverse defendant's conviction on his first claim of
error, we address the present argument to aid the
trial court.

We are not persuaded by defendant's argument.
Had the Legislature intended to exempt defen-
dants found guilty but mentally ill from the man-
datory sentencing provision, it would have ex-

pressly done so. *Cf. People v Abend,* 94 Mich App 13, 14; 286 NW2d 926 (1979). Neither the felony-firearm statute, MCL 750.227b; MSA 28.424(2), nor the guilty but mentally ill statute, MCL 768.36; MSA 28.1059, provides the exception claimed by defendant. Instead, MCL 768.36(3); MSA 28.1059(3) states that "[i]f a defendant is found guilty but mentally ill * * * the court shall impose any sentence which could be imposed pursuant to law upon a defendant who is convicted of the same offense". In *Wayne County Prosecutor v Recorder's Court Judge,* 406 Mich 374, 391; 280 NW2d 793 (1979), *reh den* 406 Mich 1127 (1979), *app dis sub nom Brintley v Michigan,* 444 US 948; 100 S Ct 418; 62 L Ed 2d 317 (1979), the Court found that the Legislature expressed its judgment in the felony-firearm statute that carrying a firearm during the commission of a felony entails a distinct social harm inimical to the public health, safety, and welfare. Thus, the mandatory term of imprisonment for violating the felony-firearm statute applies to defendants found guilty but mentally ill.

The mandatory two-year sentence for violating the felony-firearm statute, as applied to defendant, does not constitute cruel and unusual punishment, nor does it violate the rehabilitation test defined in *People v Lorentzen,* 387 Mich 167, 180; 194 NW2d 827 (1972); *Wayne County Prosecutor v Recorder's Court Judge,* 92 Mich App 433; 285 NW2d 318 (1979), *lv den* 408 Mich 905 (1980). Individual offenders receive psychiatric care under the sentence; if it is not provided, they may seek a writ of mandamus to compel the Department of Corrections to carry out its duty. See *People v Willsie,* 96 Mich App 350, 355; 292 NW2d 145 (1980).

Reversed and remanded.