PEOPLE v LeCLAIRE

Docket No. 73096. Submitted May 14, 1984, at Detroit.—Decided
September 18, 1984. Leave to appeal applied for.

Defendant, Theodore J. LeClaire, a Detroit police officer, was
charged with felonious assault and felony-firearm. He allegedly
assaulted and pistol-whipped the complainant during a time
when he was off duty and dressed in plain clothes. The examin-
ing magistrate bound defendant over for trial. Defendant made
a pretrial motion to quash the information, which was granted,
Recorder's Court of Detroit, Leonard Townsend, J. The trial
court held that defendant was acting reasonably and in the
course of his employment. The prosecution appealed. *Held:*

1. The trial court improperly substituted its judgment for
that of the magistrate and resolved a factual question which
should have been left for a trier of fact after presentation of
evidence. The complainant's testimony was sufficient to find the
probable cause necessary to bind the defendant over for trial on
the assault charge.

2. The trial court erred in holding that the felony-firearm
statute does not apply to off-duty police officers who are re-
quired to carry guns. The statute does not provide such an
exception.

Reversed and remanded.

1. CRIMINAL LAW — MOTION TO QUASH INFORMATION — MAGISTRATES
— FINDINGS OF FACT.

A trial court, when deciding a pretrial motion to quash an
information, may not substitute its judgment for that of the
examining magistrate who bound the defendant over for trial
and resolve factual questions which should be left for the trier
of fact after consideration of evidence at a trial.

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 360.
   41 Am Jur 2d, Indictments and Informations §§ 284, 286.
[2] 73 Am Jur 2d, Statutes §§ 274-276.
[3] 63A Am Jur 2d, Public Officers and Employees § 414.
   79 Am Jur 2d, Weapons and Firearms § 20.

2. Criminal Law — Statutes — Judicial Construction.

    Criminal statutes must be strictly construed with each word interpreted according to its ordinary usage and common meaning; where the words of a statute are clear the Court of Appeals should not change the meaning of the statute by imposing its own beliefs regarding the statute's wisdom or efficacy.

3. Criminal Law — Felony-Firearm — Police Officers.

    Off-duty police officers, lawfully in possession of firearms, are not exempted from the provisions of the felony-firearm statute (MCL 750.227b; MSA 28.424[2]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Don W. Atkins,* Assistant Prosecuting Attorney, for the people.

*Lippitt, Lyons, Wolney, Goldpaugh, Sudnick & Grand* (by *John J. Goldpaugh),* for defendant.

Before: M. J. Kelly, P.J., and Bronson and C. W. Simon,* JJ.

Per Curiam. The prosecution appeals as of right from an order quashing the information and dismissing charges against defendant of felonious assault, MCL 750.82; MSA 28.277, and felony-firearm, MCL 750.227b; MSA 28.424(2). We reverse and remand for reinstatement of the charges.

The complainant, Stephen Nevels, testified at the preliminary examination that the defendant, a Detroit police officer, assaulted and pistol-whipped him after ordering him out of his van near the area of Mound and Seven Mile Roads in the City of Detroit. Defendant was off duty, dressed in plain clothes and driving his personal car at the time and did not immediately identify himself as a police officer. Apparently, defendant was investi-

    * Circuit judge, sitting on the Court of Appeals by assignment.

gating an armed robbery and believed that complainant was involved. Conflicting evidence was introduced regarding complainant's possession and use of a knife.

The examining magistrate denied the defendant's motion to dismiss the charges and defendant was bound over on both counts. The trial court, however, later granted the defendant's pretrial motion to quash the information, dismissing both counts.

In dismissing the felonious assault charge, the trial court considered complainant's preliminary examination testimony and determined that the examining magistrate had abused her discretion in ordering the defendant bound over on that count. The trial court held that the prosecution had failed to present evidence sufficient to establish that a crime had been committed in that the defendant "was acting reasonably and out of the course of his employment". We too have reviewed the preliminary examination testimony. We find that the trial court improperly substituted its judgment for that of the magistrate and resolved a factual question which should have been left for the trier of fact after consideration of evidence produced at a full trial. Inasmuch as the complainant's testimony was sufficient to show probable cause to believe that a felonious assault had been committed and that defendant had committed it, *People v Talley,* 410 Mich 378, 385-386; 301 NW2d 809 (1981); MCL 766.13; MSA 28.931, we conclude that defendant was properly bound over on that charge.

The prosecution also appeals the trial court's dismissal of the felony-firearm count. In dismissing Count II, the court held that the felony-firearm statute does not apply to off-duty police officers

who are required by departmental regulation to carry guns while off duty:

"I believe the Legislature passed the law because there were a lot of people committing burglaries with weapons when they weren't necessarily committing crime on the streets using weapons and the idea was to curb the use of weapons causing fatal situations where they didn't exist and I do agree with Judge Ravitz. It wasn't meant to cover police officers who are by order required to carry a firearm. I read the law in the matter and I don't believe that the appellate court has acted on the matter and we have to give them something to act on. I agree with counsel in this case. I think that it would be a violation of rights to require them to carry a weapon and then to accuse them of a felony of carrying the weapon that they're required to carry in the first place."

We reject this construction of the felony-firearm statute as we are not persuaded by the plain language of the statute that the Legislature intended to create a police officer exemption.

Criminal statutes must be strictly construed with each word interpreted according to its ordinary usage and common meaning. Where the words of the statute are clear, we will not change the meaning of that statute by imposing our own notions or beliefs regarding its wisdom or efficacy. *People v Gilbert,* 414 Mich 191, 210-213; 324 NW2d 834 (1982); *People v Terry,* 124 Mich App 656, 659; 335 NW2d 116 (1983).

The felony-firearm statute clearly and unambiguously states:

"A person who carries or has in his possession a firearm at the time he commits or attempts to commit a felony * * * is guilty of a felony, and shall be imprisoned for two years." MCL 750.227b(1); MSA 28.424(2)(1).

The statute provides for only two exceptions: where the underlying felony is carrying a concealed weapon, MCL 750.227; MSA 28.424, and where the underlying felony is the unlawful possession of a pistol by a licensee, MCL 750.227a; MSA 28.424(1).

Contrary to the defendant's arguments on appeal, there is no evidence to suggest that the Legislature intended to exempt off-duty police officers from the felony-firearm statute. In fact, as recently as 1981, the Legislature was presented with the opportunity to exempt police officers from the provisions of § 227b when it amended MCL 750.231; MSA 28.428. Prior to its amendment, § 231 specifically excluded police officers from the provisions of MCL 750.224; MSA 28.421 (manufacture, sale or possession of a weapon) and MCL 750.227; MSA 28.424 (carrying a concealed weapon). The 1981 amendment further excepted police officers from the provisions of MCL 750.227c; MSA 28.424(3) and MCL 750.227d; MSA 28.424(4), which were added to our criminal code by the same public act, 1981 PA 103. Had the Legislature intended to exempt off-duty police officers from the felony-firearm statute, it could easily have done so under § 231.

We find analogous two other decisions issued by this Court rejecting proposed exemptions to the felony-firearm statute. In *People v Korona,* 119 Mich App 369; 326 NW2d 143 (1982), we refused to exempt defendants who are found guilty but mentally ill. That decision followed the reasoning set forth in *People v Abend,* 94 Mich App 13; 286 NW2d 926 (1979), where we refused to except from the felony-firearm statute those defendants who were in lawful possession of a firearm at the time the underlying felony was committed. We held:

"Defendant's position has no support in the statute or in relevant case law. On the contrary, the statute reflects exceedingly clear legislative intent to punish anyone who, at the time of commission or attempted commission of a felony, possesses a firearm whether the initial possession was legal or illegal. If the Legislature had intended to exempt anyone, such as law enforcement officers or persons licensed or otherwise lawfully in possession of a firearm, from the general proscription of MCL 750.227b; MSA 28.424(2), it most certainly would have done so by providing explicit statutory exceptions as it did throughout the firearms section of the penal code. MCL 750.222 *et seq.;* MSA 28.419 *et seq.*" 94 Mich App 14.

For the same reasons, we decline to except off-duty police officers from the provisions of the felony-firearm statute.

Reversed and remanded.