PEOPLE v MANNING

Docket No. 82977. Submitted June 10, 1986, at Lansing. Decided July 22, 1986.

Michael F. Manning was convicted by the Ingham Circuit Court on his plea of guilty to three separate counts of fourth-degree criminal sexual conduct. He was sentenced to two years probation on each count, the sentences to run concurrently. Defendant subsequently petitioned the circuit court to have his convictions set aside under MCL 780.621; MSA 28.1274(101). The circuit court, Carolyn Stell, J., denied the petition. Defendant appealed. *Held:*

The circuit court did not err in concluding that defendant was ineligible to have his convictions set aside under the statute in question by virtue of his three separate convictions. The statute clearly and unambiguously requires that a person have no more than one conviction for one offense to be eligible under the statute.

Affirmed.

1. CRIMINAL LAW — STATUTES — JUDICIAL CONSTRUCTION.

Criminal statutes must be strictly construed with each word interpreted according to its ordinary usage and common meaning; when the words of a statute are clear, the Court of Appeals should not change the meaning of the statute by imposing its own beliefs regarding the statute's wisdom or efficacy.

2. CRIMINAL LAW — CONVICTIONS — SETTING ASIDE CONVICTIONS.

A defendant, to be eligible to have a conviction set aside under the statute allowing the setting aside of convictions after five years has passed since the date of conviction, must not have more than one conviction on his record (MCL 780.621; MSA 28.1274[101]).

*Frank J. Kelley,* Attorney General, *Louis J.*

REFERENCES

Am Jur 2d, Criminal Law §§ 9, 310, 397, 418, 441, 489, 513.

See the annotations in the ALR3d/4th Quick Index under Vacation or Modification of Judgment.

*Caruso,* Solicitor General, *Peter D. Houk,* Prosecuting Attorney, *Robert B. Ebersole,* Chief Appellate Attorney, and *Susan L. LeDuc,* Assistant Prosecuting Attorney, for the people.

*Joseph C. Brehler III, P.C.* (by *Joseph C. Brehler III*), for defendant on appeal.

Before: BEASLEY, P.J., and D. F. WALSH and HOOD, JJ.

PER CURIAM. On June 10, 1977, defendant pled guilty to three counts of fourth-degree criminal sexual conduct, MCL 750.520e(1)(b); MSA 28.788(5)(1)(b). He was sentenced to two years probation on each count, the sentences to run concurrently. On December 19, 1984, defendant's petition to set aside his convictions under MCL 780.621; MSA 28.1274(101) was denied. Defendant appeals as of right. We affirm.

Defendant was originally charged with seven counts of second-degree criminal sexual conduct, MCL 750.520c(1)(a); MSA 28.788(3)(1)(a), but was bound over on only six counts. After entering into a plea bargain, he pled guilty to three separate counts of fourth-degree criminal sexual conduct, and the six counts of second-degree criminal sexual conduct were dismissed. At defendant's sentencing, the court pronounced a separate sentence for each count.

Defendant contends that because he was indicted on only one information, faced only one trial, and offered his guilty plea only once, for the purposes of the expungement statute, he should be viewed as having only one conviction. At the expungement hearing, the trial court judge concluded that defendant has three convictions and is therefore ineligible under the expungement stat-

ute. She also opined that even if she did have jurisdiction to expunge defendant's convictions, she would not do so because she was not persuaded that the public welfare would be well served by setting aside the convictions. MCL 780.621(9); MSA 28.1274(101)(a).

The trial court judge did not err in concluding that she was without jurisdiction to consider defendant's motion for expungement since defendant's three convictions rendered him ineligible under the statute. MCL 780.621; MSA 28.1274(101) reads in pertinent part:

> (1) except as provided in subsection (2), a person who is convicted of not more than 1 offense may file an application with the convicting court for the entry of an order setting aside the conviction.
> (2) A person shall not apply to have set aside, nor may a judge set aside, a conviction for a felony for which the maximum punishment is life imprisonment or a conviction for a traffic offense.

The term "conviction" is defined by MCL 780.621a; MSA 28.1274(101a) as follows:

> As used in this act
> (a) "Conviction" means a judgment entered by a court upon a plea of guilty, guilty but mentally ill, or nolo contendere, or upon a jury verdict or court finding that a defendant is guilty or guilty but mentally ill.

The language this Court must interpret is the clause "a person who is convicted of not more than 1 offense."

In *People v LeClaire,* 137 Mich App 657, 660; 357 NW2d 925 (1984), lv den 422 Mich 910 (1985), this Court reiterated an accepted principle of statutory interpretation:

> Criminal statutes must be strictly construed with each word interpreted according to its ordinary usage and common meaning. Where the words of the statute are clear, we will not change the meaning of that statute by imposing our own notions or beliefs regarding its wisdom or efficacy. *People v Gilbert,* 414 Mich 191, 210-213; 324 NW2d 834 (1982); *People v Terry,* 124 Mich App 656, 659; 335 NW2d 116 (1983).

We find that the statute in question in this case is clear and unambiguous. The threshold requirement of the statute is that a defendant must have been convicted of "not more than one offense." *People v Dudas,* 134 Mich App 66, 67; 350 NW2d 834 (1984). The record in the instant case clearly shows that defendant was convicted of three separate offenses occurring at different dates and times involving three different victims for which he received three sentences. The trial court judge did not incorrectly interpret the statute, nor did she abuse her discretion in refusing to expunge the defendant's record since she was without jurisdiction to do so.[1]

Affirmed.

---

[1] We also note that even if the trial court judge had had jurisdiction to grant the relief requested, her additional reason for denying relief would not constitute an abuse of discretion.