PEOPLE v BLACHURA

Docket No. 96117. Submitted June 9, 1987, at Lansing. Decided May 1, 1989.

Leon Blachura was convicted in Oakland Circuit Court of five counts of perjury on the basis of five false statements made during two days of testimony at a grand-jury hearing. He falsely answered five different questions. After a period of more than the required five years, Blachura filed a motion for expungement of his five perjury convictions. The court, Alice L. Gilbert, J., denied the motion, ruling that Blachura did not qualify for expungement because his record consisted of more than one conviction. Blachura appealed, arguing that, because his five perjury convictions all arose out of the same factual transaction and were obtained at one trial, they should constitute one offense for purposes of the expungement statute.

The Court of Appeals *held*:

The circuit court correctly found that defendant failed to qualify for expungement of his record. The purpose of the expungement statute is to allow the expungement of the record of a one-time offender who has established that he is rehabilitated after five years without a subsequent conviction. Blachura's statements, while all relating generally to a corruption investigation into the Oakland County Drain Commission, were five separate and distinct false statements addressing different aspects of the investigation. He did not merely repeat his answer to one question five times.

Affirmed.

W. MOORE, JR., J., dissented. He would hold that where a defendant's multiple convictions arise out of a single criminal transaction they constitute a single offense for purposes of the expungement statute and that Blachura's convictions arose out of a single criminal transaction. He would reverse and remand the matter to the trial court for a hearing on Blachura's motion for expungement.

REFERENCES

Am Jur 2d, Criminal Law § 1021.

Judicial expunction of criminal record of convicted adult. 11 ALR4th 956.

1. CRIMINAL LAW — CRIMINAL RECORD — EXPUNGEMENT.

A defendant who is convicted of five counts of perjury arising out of his testimony during two days before a grand jury is not entitled to have his record expunged where his convictions were based on five false statements made in answer to five different questions; the fact that the five convictions arose out of the same factual transaction and were obtained at one trial does not make the five convictions one offense for purposes of the expungement statute (MCL 780.621; MSA 28.1274[101]).

2. CRIMINAL LAW — CRIMINAL RECORD — EXPUNGEMENT.

The purpose of the expungement statute is to allow the expungement of the criminal record of a one-time offender who has established that he is rehabilitated after five years without a subsequent conviction (MCL 780.621; MSA 28.1074[101]).

*Marvin S. Shwedel,* Special Prosecutor, for the people.

*Bruce T. Leitman,* for defendant.

Before: GRIBBS, P.J., and HOLBROOK, JR. and W. MOORE, JR.,* JJ.

HOLBROOK, JR., J. Defendant appeals as of right from an order denying his motion for expungement of his five prior perjury convictions, MCL 767.19d; MSA 28.959(4). The trial court ruled that defendant did not qualify for expungement under MCL 780.621 *et seq.*; MSA 28.1274(101) *et seq.*, because defendant's record consisted of more than one conviction. We affirm.

MCL 780.621; MSA 28.1274(101) provides, in pertinent part:

(1) Except as provided in subsection (2), a person who is convicted of not more than 1 offense may file an application with the convicting court for the entry of an order setting aside the conviction.
(2) A person shall not apply to have set aside,

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

nor may a judge set aside, a conviction for a felony for which the maximum punishment is life imprisonment or a conviction for a traffic offense.

The term "offense" is not defined in the statute. Defendant argues that because his five perjury convictions all arose out of the same factual transaction and were obtained at one trial, they should constitute one offense for purposes of the expungement statute. We disagree.

Defendant here was convicted on five counts of perjury on the basis of five false statements made during defendant's two days of testimony at one grand-jury hearing. Defendant falsely answered five different questions.

We agree with the opinion in *People v Manning,* 153 Mich App 516; 396 NW2d 468 (1986), where a panel of this Court held that the circuit court was without jurisdiction under the expungement statute because the defendant had three plea convictions for fourth-degree criminal sexual conduct, MCL 750.520e(1)(b); MSA 28.788(5)(1)(b). Those convictions were for three separate offenses occurring on different dates and times and involving three different victims. Although in the instant case the five counts of perjury all arose out of defendant's appearance before a grand jury, they were based on five separate statements made during that testimony. The statements, while all relating generally to a corruption investigation involving the Oakland County Drain Commission, were five separate and distinct false statements addressing different aspects of the investigation. Defendant did not merely repeat his answer to one question five times.

In interpreting the expungement statute, we decline to refer to the interpretation of the habitual offender statutes, MCL 769.10 *et seq.*; MSA

28.1082 *et seq.*, set forth in *People v Stoudemire,* 429 Mich 262; 414 NW2d 693 (1987), where our Supreme Court held that two or more convictions on different counts charged in the same information and obtained at the same trial are deemed to be only one conviction for purposes of the habitual offender statutes.

The purpose of the habitual offender statute is to allow for enhancing a defendant's sentence where it appears that the defendant has failed to reform after conviction and sentence on previous felonies. 429 Mich 266. The purpose of the expungement statute is to allow the expungement of the criminal record of a one-time offender who has established that he is rehabilitated after five years without a subsequent conviction. Because the underlying purposes of the two statutes differ significantly, we find the analysis and conclusion in *Stoudemire* does not require a different result than that reached in *Manning, supra.*

The circuit court correctly found that defendant failed to come within the expungement statute.

Affirmed.

GRIBBS, P.J., concurred.

W. MOORE, JR., J. *(dissenting).* I respectfully dissent from the majority's position that Blachura was convicted of "more than one offense" as that phrase is used in MCL 780.621; MSA 28.1274(101). In my view, the Legislature's intent would be better served with the opposite interpretation. The purpose of the expungement statute is to create a possibility for a first-time offender that, after five years without a subsequent conviction, he might show the court that he has been rehabilitated and have his record expunged. Although defendant

here was convicted of five counts of perjury, they all arose out of the same factual transaction and were obtained at one trial. The charges were based on five false statements made at one grand-jury hearing. Essentially, defendant answered the same kind of question falsely five times.

I would distinguish this case from *People v Manning,* 153 Mich App 516; 396 NW2d 468 (1986), where the defendant had three plea convictions for fourth-degree criminal sexual conduct, which involved three different occurrences concerning three different victims. I would hold that, where a defendant's multiple convictions arise out of a single criminal transaction, they constitute a single offense for purposes of the expungement statute. See *Application of Fontana,* 146 NJ Super 264; 369 A2d 935 (1976). The circuit court would then have jurisdiction under the statute to exercise its discretion in deciding defendant's motion to expunge his record.

Although I recognize the purposes of the habitual offender provisions, MCL 769.10 *et seq.*; MSA 28.1082 *et seq.*, are different from those of the expungement statute, I would, by analogy, apply the reasoning in *People v Stoudemire,* 429 Mich 262; 414 NW2d 693 (1987), to reverse and remand this matter to the trial court for a hearing on defendant's motion for expungement.