PEOPLE v BOSMA

Docket No. 116192. Submitted June 5, 1990, at Grand Rapids. Decided
September 21, 1990; approved for publication November 9,
1990, at 9:05 A.M.

After Robert J. Bosma sought, in the Barry Circuit Court, under
the expungement act, to have his convictions of attempted
possession of metallic knuckles and attempted possession of a
controlled substance set aside, the court, Richard M. Shuster,
J., set aside the convictions, holding that Bosma's prior convic-
tion under a local ordinance for impaired driving could not be
set aside under the act and, therefore, could not be used as an
impediment to setting aside the current convictions. The people
appealed.

The Court of Appeals *held:*

The defendant's prior conviction of impaired driving consti-
tutes an offense under the expungement act, thus he did not
qualify to have his two prior attempt convictions set aside.

Reversed.

CRIMINAL LAW — EXPUNGEMENT OF CONVICTIONS.

A person who is convicted of more than one offense, or who is
convicted of a felony for which the maximum punishment is
life imprisonment or of a traffic offense, may not apply under
the expungement act to have the conviction set aside (MCL
780.621; MSA 18.1274[101]).

*Frank J. Kelley,* Attorney General, *Gay Secor
Hardy,* Solicitor General, and *Richard L. Koenig-
sknecht,* Assistant Attorney General, for the peo-
ple.

*David H. Tripp,* for the defendant.

REFERENCES

Am Jur 2d, Criminal Law § 1021.

Judicial expunction of criminal record of convicted adult. 11
ALR4th 956.

Before: MAHER, P.J., and SULLIVAN and REILLY, JJ.

PER CURIAM. The people appeal the Barry Circuit Court order setting aside defendant's convictions for attempted possession of metallic knuckles —a felony, MCL 750.92; MSA 28.287; MCL 750.224; MSA 28.421, and attempted possession of a controlled substance—a misdemeanor, MCL 750.92; MSA 28.287; MCL 333.7403(2)(c); MSA 14.15(7403)(2)(c). The people contend that defendant did not qualify for expungement of those convictions under MCL 780.621; MSA 28.1274(101), the expungement act. We agree and, therefore, reverse the order setting aside those convictions.

MCL 780.621; MSA 28.1274(101) provides in pertinent part:

> (1) Except as provided in subsection (2), a person who is convicted of not more than 1 offense may file an application with the convicting court for the entry of an order setting aside the conviction.
> (2) A person shall not apply to have set aside, nor may a judge set aside, a conviction for a felony for which the maximum punishment is life imprisonment or a conviction for a traffic offense.

Therefore, a person who has been convicted of more than one offense may not move to have set aside a prior conviction under the expungement act, § 1, subsection 1. See *People v Dudas,* 134 Mich App 66; 350 NW2d 834 (1984). Nor can a person apply to have set aside a conviction for a traffic offense, § 1, subsection 2. A "traffic offense" is defined as "a violation of the Michigan vehicle code, Act No. 300 of the Public Acts of 1949, being sections 257.1 to 257.923 of the Michigan Compiled Laws, or a local ordinance substantially corresponding to that act, which violation involves the

operation of a vehicle and at the time of the violation is a felony or misdemeanor." MCL 780.621a; MSA 28.1274(101a).

Here, the trial court ruled that defendant's two prior attempt convictions, which the court set aside, constituted only one offense for the purpose of the expungement statute because they arose out of the same transaction or occurrence. Furthermore, defendant had a prior conviction under a local ordinance for "impaired driving"—identified as a misdemeanor in the trial court. The trial court held, however, that that conviction did not constitute an offense under § 1, subsection 1, of the expungement act. Because it met the definition of "traffic offense" under § 1a, the court concluded, it could not be set aside and, therefore, could not be used as an impediment to setting aside a conviction for another offense. The court concluded that defendant did, therefore, qualify for expungement of the two prior attempt convictions.

We disagree with the trial court's conclusion that defendant's prior conviction of "impaired driving" under a local ordinance did not constitute an offense under § 1, subsection 1 of the act. Our starting point is the definition of "traffic offense" contained in § 1a: it includes a violation of a local ordinance, like the one here, substantially corresponding to the Michigan Vehicle Code, MCL 257.1 *et seq.*; MSA 9.1801 *et seq.,* which violation is a felony or a misdemeanor. The Legislature therefore intended that the violation of a local ordinance not be excluded from being considered a misdemeanor. Although the record does not contain a copy of the ordinance under which defendant was convicted, we presume, as did the trial court, that it substantially corresponded to MCL 257.625b; MSA 9.2325(2)—the impaired driving

statute—and, thus, was in fact a "traffic offense" as that term is used in § 1a.

Next, we note that in interpreting a statute, we apply the oft-cited rule that when the language of a statute is clear and unambiguous, judicial interpretation is neither required nor permitted, and we should not look beyond the ordinary meaning of the unambiguous language in giving effect to the statute. *Lamotte v Millers Nat'l Ins Co,* 180 Mich App 271, 277; 446 NW2d 632 (1989). Therefore, in interpreting the word "offense" in § 1, subsection 1, we ascribe to it its plain and ordinary meaning. The word "offense" includes misdemeanors, see Black's Law Dictionary (5th ed), p 975, and, therefore, includes traffic offenses by definition. Thus, even though defendant was convicted of "impaired driving" under a local ordinance, it nevertheless constituted an "offense."

In reaching our conclusion, we reject the trial court's ruling that traffic offenses, by virtue of their not being able to be set aside under § 1, subsection 2, are not considered offenses under § 1, subsection 1. First, "traffic offenses" are "offenses" by definition. Second, a plain and unambiguous statute is to be applied and not interpreted, because such a statute speaks for itself. See generally *City of Lansing v Lansing Twp,* 356 Mich 641, 648-649; 97 NW2d 804 (1959). Section 1, subsections 1 and 2 of the expungement act are plain and unambiguous. The language of the statute does not indicate or imply that a traffic offense is not an "offense" under subsection 1. By its holding, the trial court interpreted the statute when interpretation was neither needed nor permitted.

Third, coupled with not being able to apply to have set aside a conviction of a traffic offense, a person cannot apply to have set aside a conviction of a felony for which the maximum punishment is

life imprisonment. Section 1, subsection 2. Under the trial court's holding, then, a conviction of a felony for which the maximum punishment is life imprisonment would not be considered an "offense." That could lead to absurd results. For example, a person convicted of two felonies, neither of which had a maximum punishment of life imprisonment, would not qualify for setting aside one of the convictions under § 1, subsection 1 because he had been convicted of more than one offense. But a person convicted of two felonies, one of which had a maximum punishment of life imprisonment, could apply to have set aside the other felony conviction because the felony with the maximum punishment of life imprisonment would not be considered an "offense" under subsection 1. We are certain that such an effect was not intended by the Legislature.

Because we conclude that defendant's prior conviction of "impaired driving" constitutes an offense within the meaning of the expungement act, defendant did not qualify for having his two prior attempt convictions set aside. We therefore reverse the court's order setting aside those convictions.

In closing, we note that because of our resolution, we need not reach the trial court's holding that defendant's two prior attempt convictions constitute one conviction for the purpose of § 1 of the expungement act. Although a panel of this Court recently addressed this issue and resolved it adversely to the defendant's position and the trial court's ruling, *People v Blachura,* 176 Mich App 717; 440 NW2d 1 (1989), we express no opinion regarding that decision. Also, defendant responded to the people's appeal, in part, by raising the issue that § 1 of the expungement act violates the Equal Protection Clauses of both the state and federal constitutions. Because defendant did not raise this

issue below, we decline to address it. *Cliffs Forest Products Co v Al Disdero Lumber Co,* 144 Mich App 215, 221; 375 NW2d 397 (1985), lv den 424 Mich 896 (1986).

Reversed.