PEOPLE v McCULLOUGH

Docket No. 188860. Submitted November 20, 1996, at Lansing. Decided January 24, 1997, at 9:15 A.M.

Charles L. McCullough, previously convicted of unarmed robbery and assault with intent to commit sexual penetration, filed a motion in the Oakland Circuit Court for expungement of the convictions. The court, Donald F. Breck, J., entered an order setting aside the convictions. The prosecution appealed.

The Court of Appeals *held*:

MCL 780.621; MSA 28.1274(101) allows expungement for "a person who is convicted of not more than 1 offense." MCL 780.624; MSA 28.1274(104) states that a person "may have only one conviction set aside." These provisions clearly and unambiguously reflect legislative intent to allow expungement only for those persons whose criminal records are blemished by a single conviction for a single crime committed on a single occasion.

Reversed and remanded for reinstatement of convictions.

CRIMINAL LAW — EXPUNGEMENT OF CONVICTIONS.

A person must have sustained only one conviction in order to be eligible for the one-time opportunity of expungement of a conviction (MCL 780.621, 780.624; MSA 28.1274[101], 28.1274[104]).

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *Richard Thompson*, Prosecuting Attorney, and *Joyce F. Todd*, Assistant Prosecuting Attorney, for the people.

*Sommers, Schwartz, Silver & Schwartz, P.C.* (by *Lawrence Warren, Kenneth T. Watkins*, and *Carl B. Downing*), for the defendant.

Before: McDonald, P.J., and Murphy and J. D. Payant*, JJ.

Murphy, J. The people appeal as of right the circuit court's order entered pursuant to MCL 780.621; MSA 28.1274(101) setting aside defendant's April 23, 1982, guilty plea convictions of unarmed robbery, MCL 750.530; MSA 28.798, and assault with intent to commit sexual penetration, MCL 750.520g(1); MSA 28.788(7)(1). We reverse and remand.

MCL 780.621; MSA 28.1274(101) states, in relevant part, that "a person who is convicted of not more than 1 offense may file an application with the convicting court for the entry of an order setting aside the conviction." A person must satisfy this threshold requirement in order to be granted expungement. Defendant argued in the trial court that, although he pleaded guilty of two crimes, these crimes should be considered "not more than 1 offense" for expungement purposes. Although defendant's argument is legitimate in light of previous decisions of this Court, we are compelled to reverse.

In *People v Blachura*, 176 Mich App 717, 719; 440 NW2d 1 (1989), the defendant was convicted of five counts of perjury on the basis of five false statements made during the defendant's two days of testimony before a grand jury. This Court held that the defendant was not entitled to expungement because the "statements, while all relating generally to a corruption investigation involving the Oakland County Drain Commission, were five separate and distinct false statements addressing different aspects of the investi-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

gation." *Id.* The implication of *Blachura* is that if a defendant's offenses were not "separate and distinct," they may be considered "not more than 1 offense" and the defendant would be entitled to expungement. However, on the basis of the language of the act as a whole, we consider this position to be incorrect.

When construing statutory language, first and foremost, we must give effect to the intent of the Legislature. *Reardon v Dep't of Mental Health*, 430 Mich 398, 407; 424 NW2d 248 (1988). If the language of the statute is clear and unambiguous, the plain meaning of the statute reflects the legislative intent, and judicial construction is not permitted. *Tryc v Michigan Veterans' Facility*, 451 Mich 129, 136; 545 NW2d 642 (1996). In such cases, we must simply apply the statute as written. *Turner v Auto Club Ins Ass'n*, 448 Mich 22, 27; 528 NW2d 681 (1995). Criminal statutes must be strictly construed, with each word interpreted according to its ordinary usage and common meaning. *People v Gilbert*, 414 Mich 191, 210-213; 324 NW2d 834 (1982).

Throughout the act, the Legislature refers to setting aside "the" conviction, and more importantly, MCL 780.624; MSA 28.1274(104) states that a person "may have only one conviction set aside under" the act. We consider this language to be clear, unambiguous, and a reflection of the legislative intent to allow only a single conviction to be expunged. Therefore, even if we were to agree with defendant's claim that he is "a person convicted of not more than 1 offense," and hold that he meets the threshold requirement for expungement, the trial court's action would still be improper because two convictions were expunged. Defendant pleaded guilty of two crimes—assault with

intent to commit sexual penetration and unarmed robbery. While it can be argued that, because defendant offered his guilty plea only once and received only one sentence, he has only one conviction, on the basis of the act's definition of "conviction"[1] and the ordinary usage and common meaning of the term, we disagree and consider defendant to have two convictions. Therefore, the trial court abused its discretion by setting aside two convictions. By granting expungement of defendant's record, the trial court implicitly interpreted the language in MCL 780.624; MSA 28.1274(104) that "only one conviction" can be set aside as the equivalent of "any number of convictions received while committing any number of crimes which do not amount to more than one offense" can be set aside. Because the language in MCL 780.624; MSA 28.1274(104) is clear and unambiguous, the act cannot be interpreted as such, and must be applied as written.

Logically then, the question becomes whether defendant is entitled to have one of his convictions set aside. To answer this question, we must address the meaning of the threshold requirement that a person must have been convicted of not more than one offense.[2] In light of the fact that the purpose behind the act is to expunge the entire criminal record of one-time offenders who satisfy the requirements of the act, see *Blachura, supra* at 720, and the act

---

[1] "Conviction" is defined as "a judgment entered by a court upon a plea of guilty, guilty but mentally ill, or nolo contendere, or upon a jury verdict or court finding that a defendant is guilty or guilty but mentally ill." MCL 780.621a; MSA 28.1274(101a).

[2] There are several other requirements in the act for expungement; however, in this case, the only requirement at issue was whether defendant met the threshold requirement.

speaks in terms of setting aside "the" conviction as opposed to "a" conviction, we are of the opinion that a person, such as defendant, who was convicted of multiple crimes in a single proceeding or pursuant to a single plea, was not intended to be able to take advantage of the expungement statute and does not meet its threshold requirement. Therefore, we consider the only viable interpretation of "a person convicted of not more than 1 offense" to be that only those persons whose criminal records are blemished by a single conviction for a single crime (crime being synonymous with offense) committed on a single occasion meet the threshold requirement and are eligible for expungement. If the threshold requirement is not interpreted as such, a person who has multiple convictions for multiple crimes that could be considered "not more than 1 offense" would meet the threshold requirement and be entitled to have one of the convictions for one of the crimes set aside. For example, if we were to opine in the case at bar that defendant met the threshold requirement, he would be entitled to have this matter remanded to the trial court so that he could choose whether to have either his unarmed robbery conviction or his assault conviction set aside. Such an interpretation is clearly inconsistent with the purpose of the act.

Although we agree with defendant's position that criminal conduct that can be viewed as akin to a "one night spree," see *Application of Fontana*, 146 NJ Super 264, 267; 369 A2d 935 (1976), or which may only be one act, but can form the basis of multiple convictions (e.g., any felony committed while armed could lead to a conviction of the underlying felony and a conviction of felony-firearm), may be entitled to

special consideration when it comes to expungement, it is up to the Legislature to so state. As the act reads now, persons with records such as defendant's are not entitled to expungement. Any remedy for this situation must be sought in the Legislature.

Reversed and remanded to the trial court to reinstate defendant's convictions. We retain no jurisdiction.