PEOPLE v GRIER

Docket No. 215370. Submitted December 8, 1999, at Detroit. Decided January 28, 2000, at 9:05 A.M.

Jacqueline Grier, convicted in the Oakland Circuit Court of larceny in a vacant building and assault and battery, sought expungement of the convictions. The Attorney General and the prosecuting attorney opposed expungement. The court, Fred M. Mester, J., entered an order setting aside one of the convictions, finding that the relevant statute, MCL 780.621; MSA 28.1274(101), did not preclude expungement of one conviction if an applicant's second conviction is a misdemeanor conviction. The prosecution appealed.

The Court of Appeals *held*:

The expungement statute precludes relief if an applicant has been convicted of more than one offense. The act does not provide that the term "offense" is limited to felonies. The act applies equally to felonies and misdemeanors.

Reversed and remanded.

CRIMINAL LAW — EXPUNGEMENT OF CONVICTIONS.

A person must have been convicted of only one offense, whether a felony or a misdemeanor, in order to be eligible for the expungement of the conviction under MCL 780.621; MSA 28.1274(101); the statute does not limit the term "offense" to felony offenses only.

*Jennifer M. Granholm*, Attorney General, *Thomas L. Casey*, Solicitor General, *David G. Gorcyca*, Prosecuting Attorney, *Daniel L. Lemisch*, Chief, Appellate Division, and *Anica Letica*, Assistant Prosecuting Attorney, for the people.

Before: WHITE, P.J., and SAWYER and GRIFFIN, JJ.

PER CURIAM. The prosecution appeals as of right the trial court's order setting aside defendant's conviction pursuant to MCL 780.621; MSA 28.1274(101). We reverse and remand.

On June 1, 1987, defendant pleaded guilty of larceny in a vacant building, MCL 750.359; MSA 28.591, and assault and battery, MCL 750.81; MSA 28.276.[1] After serving her court-ordered term of three years' probation,[2] on June 10, 1998, defendant filed an application to set aside her convictions, stating that she had been convicted of "Larceny in Vacant Building, Assault Battery." The prosecution and the Attorney General opposed the application, arguing that MCL 780.621(1); MSA 28.1274(101)(1) precluded expungement of both or either conviction because defendant had been convicted of more than one offense. The trial court entered an order setting aside one of defendant's convictions,[3] apparently reasoning that MCL 780.621; MSA 28.1274(101) did not preclude expungement of one conviction if an applicant's second conviction was a misdemeanor conviction.[4] The trial court denied the prosecution's motion for reconsideration under similar reasoning.

On appeal, the prosecution argues that the trial court erred in setting aside defendant's conviction because MCL 780.621(1); MSA 28.1274(101)(1) expressly precludes such relief when an applicant has been convicted of more than one offense. The prosecution claims that MCL 780.621(1); MSA 28.1274(101)(1) applies equally to felonies and misde-

---

[1] Defendant was charged with larceny in a building, MCL 750.360; MSA 28.592, and assault and battery, MCL 750.81; MSA 28.276.

[2] Defendant's original two-year term of probation was extended to allow her additional time to pay court-ordered costs.

[3] The order does not specify which of defendant's two convictions the trial court set aside.

[4] The trial court erroneously believed that only the conviction of assault and battery, MCL 750.81; MSA 28.276, was a misdemeanor conviction. In fact, defendant's conviction of larceny in a vacant building, MCL 750.359; MSA 28.591, was also a misdemeanor conviction.

meanors. We agree that the trial court erred in setting aside defendant's conviction despite the fact that defendant had been convicted of a second misdemeanor offense. Statutory interpretation is a question of law, which is reviewed de novo on appeal. *People v Webb*, 458 Mich 265, 274; 580 NW2d 884 (1998).

MCL 780.621(1); MSA 28.1274(101)(1) provides:

> Except as provided in subsection (2), a person who is convicted of not more than 1 offense may file an application with the convicting court for the entry of an order setting aside the conviction.

A panel of this Court interpreted the meaning of the act's "not more than 1 offense" language in *People v McCullough*, 221 Mich App 253; 561 NW2d 114 (1997). In doing so, it expressed that the purpose of the act is to allow one-time offenders to expunge their criminal record. *Id.* at 256. The panel held that only those applicants whose records are blemished by "a single conviction for a single crime (crime being synonymous with offense) committed on a single occasion meet the threshold requirement and are eligible for expungement." *Id.* at 257. The act does not provide that the term "offense" is limited to felonies. Given the purpose of the act and the broad use of the term "offense," we conclude that the act's language precluding relief if an applicant has been convicted of more than one offense applies to both felonies and misdemeanors. *People v Dudas*, 134 Mich App 66; 350 NW2d 834 (1984). Consequently, the trial court erred in setting aside defendant's conviction. If special consideration under MCL 780.621; MSA 28.1274(101) is to be given to applicants who have been convicted of misdemeanors, it is up to the Legislature to provide

such relief. See *McCullough, supra* at 257-258. Accordingly, the trial court abused its discretion in setting aside defendant's conviction.

Reversed and remanded. We do not retain jurisdiction.